IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DENNIS E. FORT,**

   **Petitioner,**

v.                Civil Action No. 5:08cv6
                    (Judge Stamp)

**KUMA J. DEBOO, Warden,**

   **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Petitioner's Conviction and Sentence

According to the pleadings, the petitioner was charged in 17 counts of an 18 count superceding indictment in the United States District Court for the Eastern District of North Carolina on October 21, 1992. Count one charged that the petitioner knowingly, intelligently and unlawfully conspired to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Moreover, the government charged that the petitioner was a leader and organizer of the conspiracy which directed its workers to trade cocaine for firearms if the opportunity arose. The government also charged that the petitioner possessed and used firearms to protect his cocaine trafficking business.

Count Two of the superceding indictment charged that the petitioner knowingly used and carried firearms during and in relation to his drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) and 2.

1

Count Three of the superceding indictment charged that the petitioner knowingly and willfully conducted and attempted to conduct financial transactions which he knew involved proceeds of an unlawful activity in violation of 18 U.S.C. § 1956(a)(1) and (2).

Counts Four, Six, Eight, Ten and Twelve charged that the petitioner knowingly, intentionally, and unlawfully distributed and possessed with the intent to distribute specific amounts of cocaine at specific locations, in violation 21 U.S.C. § 841(a)(1)and (2).

Counts Five, Seven, Nine, Eleven and Thirteen charged that the petitioner knowingly and unlawfully maintained specific locations for the purpose of distributing cocaine in violation of 21 U.S.C. § 856 (a)(1).

Counts Fourteen through Seventeen charged that the petitioner knowingly, intentionally and unlawfully distributed and/or possessed with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

The petitioner proceeded to a trial by jury. On February 11, 1993, the petitioner was found guilty on Counts One through Six, Counts Eight through Ten and Counts Twelve through Seventeen. As a result, the Court imposed a total sentence of 420 months. However, on July 22, 2003, the Court reduced the petitioner's sentence under Fed.R.Crim.P. 35 (b)(2)(A) to a total period of 280 months. The petitioner's convictions and sentence were affirmed on May 24, 1994 by the Fourth Circuit Court of Appeals.

On April 20, 1995, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 with the sentencing court. That motion was denied on April 26, 1995.

The petitioner filed a second § 2255 motion on May 25, 1995. That case was closed on July 13, 1995.

The Petitioner now comes before this Court pursuant to his petition filed under 28 U.S.C. §

2241.

## II. Claims of the Parties

### A. The Petition

The respondent in its brief characterized Fort's petition as raising five grounds for relief. Generally, they are:

Ground One - The acts to which the petitioner was convicted no longer constitute a crime and Fort is now barred from raising that as an issue in a § 2255 motion. In support, Fort asserts that in 1993, he was convicted by a jury of knowingly using and carrying firearms during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1) and 2. Further, Fort claims his conviction was based on two deficient and erroneous standards and interpretation of the 'use' and carry prong of the statute by the Government, the Probation office during the objection to the pre-sentence report phase of the sentencing procedures, by the District Court, and by the Court of Appeals. Fort alleges this statute has been clarified thus voiding his conviction.

Ground Two - The jury verdict with respect to his 18 U.S.C. § 924(c)(1) and 2 conviction was invalid because the jury considered "facts that were not crimes as though they were." Fort alleges this "misinformation" by the Government as to the elements that constitute a crime led to his guilty verdict. Fort charges that the jury considered "mere possession" and that "use" and "carry" elements were never properly considered by the jury. In support of this position, Fort cites the Supreme Court's holding in "Bailey"[1] that the Government must prove active employment of a firearm in order to convict under the "use" prong of 18 U.S.C. § 924(c)(1) and thus overruling the Fourth Circuit's prior law that constructive possession could establish "use."

---

[1] Bailey v. United States, 516 U.S. 137 (1995) (finding that the "use" prong of § 924(c) requires a showing of active employment of a firearm).

3

Ground Three - Fort's conviction for "aiding and abetting 924(c)(1) of his codefendants" must be voided as well because "it derived from reported statements that the petitioner authorized the purchase of firearms with cocaine, which the petitioner disputed but which was also erroneously considered to constitute "use." (Emphasis added). In support of this argument, Fort cites the Supreme Court's holding in "Watson"[2] that the "person who has the drugs to be exchanged for 'firearms' cannot be convicted under the 924(c)(1) 'use' prong because it is the one with the gun for trade that's using it." Fort further argues that the Fourth Circuit Court of Appeals affirmed his conviction based on the numerous guns possessed and testimony that he authorized the trade of guns for drugs.

Ground Four - Fort asks the Court to hold this argument in "abeyance" until such time as his sentence is amended, modified, or corrected. Fort asserts that his term of imprisonment on the remaining counts for which he was convicted were increased in violation of Apprendi[3] and Booker[4] and other "substantial due process and Sixth Amendment Rights."

Ground Five - He was not convicted on the "carrying" prong of 924(c)(1) and that his conviction was based on possession of firearms inside dwellings "not brought to this dwelling by the petitioner or others." Fort asserts that the "carry" element was not satisfied by the evidence

---

[2] Watson v. United States, 128 S.Ct. 579 (2007) (finding that a person who trades drugs for firearms does not "use" a firearm within the meaning of § 924(c)(1)).

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000) (where the Supreme Court found that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt)

[4] United States v. Booker, 543 U.S. 2020, 233 (2005) (Where the Supreme Court found that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Therefore, the Court severed the unconstitutional provisions of the sentencing guidelines from the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal.).

presented at trial.

See Resp't Memorandum (dckt. 18-2) at 4-6.  Fort did not object to the above characterization of his claims by respondent.

**B.   The Petitioner's Summary Judgment Motion**

On March 31, 2008, the petitioner filed a Motion for Summary Judgment.  In his motion, petitioner asserts that no genuine issues of material fact remain.  Therefore, the petitioner requests judgment in his favor as a matter of law.  However, it must be noted that Fort suggests it may be appropriate to transfer his case back to the court of conviction.

**C.   The Respondent's Motion to Dismiss**

In its motion to dismiss, the government makes the following arguments:

(1) The petitioner has failed to state a claim upon which relief can be granted because he cannot establish that his conviction under 18 U.S.C. § 924(c)(1) and 2 was based on the receipt of firearms in trade for cocaine.  Therefore, the petitioner's reliance on Watson is misplaced.

(2) The petitioner has failed to state a claim upon which relief can be granted because the government did prove at trial that the petitioner used and carried firearms during and in relation to his drug trafficking crimes.  Therefore, the petitioner's reliance on Bailey is misplaced.

(3) Should the Court determine that further development of this matter is necessary than this case should be construed as a Writ of Error Coram Nobis and be transferred to the district of conviction, the United States District Court for the Eastern District of North Carolina.

**D.   The Petitioner's Response**

In response to the respondent's motion to dismiss, the petitioner asserts the following:

(1) The government did not properly respond to the allegations in the petition.  Therefore, the petitioner argues that the government has waived any challenge to those allegations and the Court

5

Case 5:08-hc-02166-H   Document 36   Filed 09/19/08   Page 5 of 13

should accept those allegations as true.

(2) The findings of the Fourth Circuit on direct appeal of the petitioner's conviction and sentence were made in 1994, the Supreme Court has since made several decisions which change the legal standard through which his claims may be reviewed. Therefore, the petitioner implies that it is improper for the government to rely on the findings made by the Fourth Circuit in denying his direct appeal.

(3) The petitioner reiterates the arguments he makes in his petition and asserts that he does not agree to his case being converted to any other motion.

### E. The Government's Reply

In reply to the petitioner's response, the government contends the following:

(1) The petitioner's <u>Booker</u> and <u>Apprendi</u> arguments may not be maintained in this Court pursuant to § 2241.

(2) The petitioner has failed to meet his burden of proving that relief under § 2255 is inadequate or ineffective to test the legality of his claims.

(3) The government has responded to all of the allegations raised in the petition and has not waived its right to challenge any of said allegations.

(4) The petitioner's claims regarding jury instructions are procedurally barred.

### F. Petitioner's Motion for Preliminary Injunction

In his motion for preliminary injunction, the petitioner requests that the Court issue an Order directing the respondent to restore the petitioner to his liberty and release him based on the claims made in the petition.

### G. The Petitioner's Withdrawal of Opposition to Transfer Proceedings

In this document, the petitioner requests permission to withdraw his opposition to the

respondent's request for transfer of this case to the Eastern District of North Carolina. That motion is being granted contemporaneously with this Opinion.

### III. Standard of Review

**A. Motion fo Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine

7

issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## C. Injunctive Relief

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation

8

omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

## IV. Analysis

**A. Grounds One, Two, Three and Five**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Here, the petitioner attacks the validity of his § 924(c)(1) conviction rather than the manner in which his sentence is being executed. Thus, his § 2241 petition is properly construed to be a § 2255 motion unless the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to

9

> apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, at the time of his conviction, the settled law of the circuit established the legality of the petitioner's conviction. In addition, both Bailey and Watson were decided after the petitioner's direct appeal and first § 2255 motion were denied. Finally, it is clear that the petitioner cannot satisfy the gatekeeping provision of § 2255 because the decisions in Bailey and Watson pertained to issues of statutory interpretation; they did not establish new rules of constitutional law. Therefore, it is possible that the petitioner is eligible for relief under § 2241.

However, although § 2241 relief under these circumstances may be authorized under current circuit precedent, this Court must consider if it is really the appropriate forum to grant such relief.

10

Not only are all the pertinent records and people in the Eastern District of North Carolina, this Court has concerns that if relief is available, it is authorized to vacate a Judgment Order issued by another Court. See Conley v. Crabtree, 14 F.Supp.2d 1203, 1306-1307 (D.Or. 1998) (notwithstanding that 28 U.S.C. § 1404(a) limits transfer of a § 2241 petition, transferring Bailey claim to district of conviction); Alamin v. Gerlinski, 30 F.Supp.2d 464 (M.D.Pa. 1998) (same). Alternately, even if it could vacate a Judgment Order issued by another Court, this Court also has to wonder if deference to the sentencing court might not be more appropriate.

The Courts in both Conley and Alamin both logically found that the only place sufficient to resentence a defendant is the district of conviction. However, unlike the Conley and Alamin courts, this Court does not find it can simply ignore the limits placed upon § 2241 transfers by § 1404(a). Instead, the Court is persuaded by the government's argument that the petitioner's § 2241 petition should first be construed as a Writ of Error Coram Nobis under the All Writs Act, 28 U.S.C. § 1651(a), and then transferred to the United States District Court for the Eastern District of North Carolina. See Short v. Shultz, Slip Opinion 2008 WL 305594 (D.N.J. Jan. 28, 2008) (citing In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001) ("there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the district court's exercising jurisdiction under the All Writs Act . . . "); see also Carlisle v. United States, 517 U.S. 429 (1996) (stating in dicta that although a writ of error coram nobis is not now generally used given the other available remedies, that Court did not rule out its availability); United State v. Mandel, 862 F.2d 1067, 1076-70 (4th Cir. 1988) (upholding a writ of error coram nobis to vacate mail fraud convictions when an intervening Supreme Court decision resulted in a substantive change in federal law). Importantly, the petitioner does not object to the transfer of his case to the district of conviction even though he does object to

11

his §2241 petition being converted to a Writ of Error Coram Nobis.

**B.  Ground Four**

In this ground, the petitioner asks the Court to hold this argument in "abeyance"until such time as his sentence is amended, modified, or corrected.  In support of this ground, the petitioner asserts that the remaining counts for which he was convicted were increased in violation of Apprendi and Booker and other "substantial due process and Sixth Amendment Rights."  This grounds should be denied, however, because neither Apprendi nor Booker is retroactive to cases on collateral review. See United States v. Morris, 429 F.3d 65, 71 (4th Cir. 2005).

**C.  Request for Injunctive Relief**

Even assuming that the petitioner has established actual and imminent danger of harm, and that such harm outweighs the likelihood of harm to the respondent if an injunction would issue, the petitioner has not yet established a likelihood that he will succeed on the merits of his claims.

### V.  Recommendation

Based on the foregoing, the undersigned recommends the following:

(1) Ground four of the petitioner's § 2241petition be **DENIED and DISMISSED WITH PREJUDICE**.

(2) The remainder of the petition be **CONSTRUED as a Writ of Error Coram Nobis** and **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina for all further proceedings.

(3) The petitioner's Motion for Preliminary Injunction (dckt. 31) be **DENIED** at this time.

(4) Because there are factual issues in dispute and all of the facts relative to the petitioner's claims have yet to be uncovered, the petitioner's Motion for Summary Judgment (dckt. 17) and the respondent's Motion to Dismiss (dckt. 18) be **DENIED without prejudice** pending further

proceedings in the transferee court.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 19, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE